UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

AMERICAN SCIENTIFIC RESOURCES,
INCORPORATED

    Debtor(s).
_____/

Case No.  12-14640-JKO
Chapter 7

## EMERGENCY MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY BETWEEN TRUSTEE, MARC P. BARMAT AND BROOKLANDS INCORPORATED
### (EXPEDITED HEARING REQUESTED)

### BASIS FOR EMERGENCY RELIEF

**The reason for the exigency is that Brooklands needs this settlement agreement to be approved on or before its closing on its merger with a third-party entity, which is set for August 21, 2013. The Trustee therefore requests that this Motion be set for hearing on or before August 20, 2013.**

Marc P. Barmat, Trustee, hereby files this Emergency Motion to Approve Stipulation to Compromise Controversy Between Trustee, Marc P. Barmat ("Trustee") and Brooklands Incorporated ("Brooklands") ("Settlement Stipulation") and states:

1. On April 17, 2013, a Motion to Approve Stipulation to Compromise Controversy Between Trustee, Marc P. Barmat and Brooklands Incorporated [ECF #117] (the "First Settlement Agreement"). On May 20, 2013, this Court entered its Order Granting the First Settlement Agreement [ECF #123] (the "Compromise Order").

2. Pursuant to the First Settlement Agreement and the Compromise Order, the Trustee was entitled to certain guaranteed royalty payments totaling $605,000.00, plus additional royalties not to exceed $4,000,000.00 and subject to the sale or transfer of all of the assets or equity in Brooklands. *See,* First Settlement Agreement and Compromise Order. Brooklands has

the right to sell or transfer the assets of Brooklands to another entity. Any payment to the Trustee above the minimum amount under the terms of the Stipulation would be dependent upon the amount or value of the sale of Brooklands. In the event that Brooklands sells or transfers its assets for an amount between $0 and $4,000,000.00 the Trustee will only receive the minimum payments under the terms of the Stipulation. *See*, First Settlement Agreement and Compromise Order.

3. Brooklands has informed the Trustee that it intends to merge its operations with another entity. Brooklands has informed the Trustee that the price to be paid for the equity in Brooklands in consummation of this merger is less than $4,000,000.00. As a result, the Trustee is only entitled to the minimum guaranteed payments, which are to be made over a period of time concluding in Februray, 2017.. Attached hereto as Exhibit "A" is a copy of the Settlement Stipulation Between Trustee, Marc P. Barmat and Brooklands.

4. As of the date of this settlement agreement and the filing of this Motion Brooklands has paid the Trustee the sum of $170,000.00. Upon the consummation of the merger Brooklands would only be obligated to make the guaranteed royalty payment of $605,000.00. Therefore, the outstanding balance owed to the estate is $435,000.00.

5. Brooklands has requested and the Trustee has agreed to accept the sum of $375,000.00, in full and final satisfaction of the amounts due from Brooklands under the First Settlement Agreement. Brooklands will pay to the estate the lump sum of $300,000.00, on or before August 21, 2013, with 3 quarterly payments of $25,000.00 due thereafter with the last payment will due on or before May 31, 2014.

6. The Trustee asserts that it is in the best interest of the estate to accept $375,000.00 in a short amount of time rather than $435,000.00 over a longer period of time.

7. Brooklands has represented that it has a working capital funding problem. Brooklands is unable to secure acceptable loans from lending intuitions. In an attempt to resolve these problems, Brooklands decided to merge with another entity with the value being less than $4,000,000.00. The Trustee has reviewed Brookland's books and records, has considered the litigation history of American Scientific Resources (the Debtor), Brooklands and the time value of money. The Trustee believes that the proposal by Brooklands is in the best interest of the bankruptcy estate.

8. Until the closing, Brooklands shall continue to make payments and provide reporting as required by the Stipulation to Compromise Controversy. If there is no closing, then this Agreement is null and void. if the closing is for more than $4,000,000.00 then the stipulation to compromise controversy shall control the amounts that the trustee shall receive. Brooklands shall provide to the trustee a fully executed settlement statement within 5 days of the closing.

9. This stipulation and motion are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

10. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in In re: Arrow Air, Inc., 85 B.R. 886 (Bkrtcy. S.D. Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness." Id. at 891, citing, In re: Teltronics Services, Inc., 762 F.2d 185, 189 (2nd Cir. 1985); In re: W.T. Grant Company, 699 F.2d 599, 608 (2nd Cir. 1983). The Trustee believes that this settlement agreement complies with the legal principles relied upon within these authorities.

11. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

    1.    the probability of success in the litigation;

    2.    the difficulties, if any, to be encountered in the matter of collection;

    3.    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    4.    the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

In re: Justice Oaks II, Ltd, 898 F.2d 1544 (11th Cir. 1990).

12.    Other than the initial down payment, the settlement is contingent upon Brooklands staying in business. If Brooklands is successful, there is a potential significant upside for creditors.

13.    The Trustee was engaged in significant discussions with representatives of various creditors and unfortunately, there was no consensus among the views of the creditors.

14.    The Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit, and supports its approval by the Court as being in compliance with the factors, and being within the best interest of creditors and the estate.

15.    The Trustee requests that any order approving this Motion be effective immediately and the Court waive the 14-day stay pursuant to Bankruptcy Rule 6004(h).

WHEREFORE, the Trustee, Marc P. Barmat, respectfully requests that the Court enters an order granting this Motion and approving the stipulation plus granting such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or ECF to all parties listed below on this 13th day of August, 2013.

FURR AND COHEN, P.A.<br>
2255 Glades Road<br>
One Boca Place, Suite 337W<br>
Boca Raton, FL 33431<br>
(561)395-0500/(561)338-7532-fax<br>
<br>
By: /s/ Alan R. Crane<br>
ALAN R. CRANE<br>
Florida Bar No. 0963836<br>
E-MAIL: acrane@furrcohen.com

VIA ECF:

- Marc P Barmat    barmat.trustee@furrcohen.com, mpb@trustesolutions.net
- Alan R Crane    acrane@furrcohen.com, pmouton@furrcohen.com
- Steven E. Eisenberg    seisenberg@lebfirm.com
- Alan S Fellheimer    alan@fellheimer.net
- David B Marks    brett.marks@akerman.com, charlene.cerda@akerman.com
- Thomas M. Messana    tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- David R Rothenstein    drr@ecclegal.com, nsocorro@ecclegal.com;ecala@ecclegal.com;bankruptcy@ecclegal.com;jbetancourt@ecclegal.com;parboleda@ecclegal.com
- Jeffrey H. Tromberg    ecf@itsjustdebt.com, G1410@notify.cincompass.com
- Lori V Vaughan    lvaughan@trenam.com, lkfloyd@trenam.com

VIA U.S. MAIL:

**ALL PARTIES ON THE ATTACHED COURT MATRIX**

| | | |
|---|---|---|
| Alan R. Barbee<br>525 Okeechobee Blvd.<br>#750<br>WPB, FL 33401 | Robert Faber<br>990 S Rogers Circle #2<br>Boca Raton, FL 33487 | Howard Taylor<br>1112 Weston Rd #278<br>Weston, FL 33326 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                  Case No. 12-14640-JKO
                                                        Chapter 7
AMERICAN SCIENTIFIC RESOURCES,
INCORPORATED

      Debtor(s).
_____/

## STIPULATION TO COMPROMISE CONTROVERSY
## BETWEEN TRUSTEE MARC P. BARMAT
## AND BROOKLANDS INCORPORATED

This Stipulation is entered into on the date set forth below between the Trustee, Marc P. Barmat ("Trustee"), as Chapter 7 Trustee in the bankruptcy estate of American Scientific Resources Incorporated (the "Debtor" or "ASR"), and Brooklands Incorporated ("Brooklands"). The parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, this involuntary Chapter 7 bankruptcy proceeding was filed on February 27, 2012 (the "Petition Date"). The Trustee became the permanent Trustee after the § 341 Meeting of Creditors was conducted and concluded;

WHEREAS, prior to the petition date, the Debtor transferred substantially all of its assets to Brooklands pursuant to an Asset Purchase Agreement dated February 23, 2012 ("APA") ("Transfer Claim");

WHEREAS, Brooklands is a corporation which was formed by a group of creditors of the Debtor and new investors;

WHEREAS, the Trustee contended the Transfer is subject to avoidance and recovery pursuant to 11 U.S.C. §§ 548 and 550, and Florida Statute Section 726.101, *et seq.*;

WHEREAS, the Trustee contended that there may be other claims against: (a)

1

Brooklands and (b) Brooklands' insiders, officers, directors, agents, affiliates, successors and assigns, including but not limited to Robert Faber and Jason Roth ("Brooklands Parties");

WHEREAS, following consummation of the APA, Brooklands investors contributed $2,400,653.00 to Brooklands as either capital contributions or insider loans, as more specifically described in Exhibit A ("Brooklands Investors").

WHEREAS, Brooklands raised various defenses to the Trustee's claims;

WHEREAS, the Trustee, Brooklands and the Brooklands Parties entered into a Stipulation to Compromise Controversy and filed a Motion to Approve Stipulation to Compromise Controversy on April 12, 2013. ("Trustee's Motion") [DE #117];

WHEREAS, on May 13, 2013, Lanktree Consulting, LLC, Charles T. Lanktree, Andrew Goldin and Leonard C. Ludwig, creditors of Debtor, filed a Limited Objection to Trustee's Motion [DE #122];

WHEREAS, this matter was set for hearing on May 14, 2013, and an Order Granting Motion to Approve Stipulation to Compromise Controversy between Trustee and Brooklands [DE #123] was entered on May 20, 2013;

WHEREAS, the Stipulation to Compromise Controversy provided, in part, for Brooklands to pay the Trustee a minimum amount of $605,000.00 between the time of the approval of the Stipulation and February of 2017. Brooklands has already paid $170,000.00 to the Trustee representing the Initial Payment and the first quarterly payment. The maximum amount that Brooklands would have had to pay was $4,000,000.00 which depended upon the gross sales of Brooklands sale of certain products set forth in the Stipulation to Compromise Controversy. Brooklands also agreed to assume certain debts of the Debtors. Under the terms of the Stipulation, Brooklands has the unilateral right to transfer substantially all of the assets or equity in Brooklands. If the value of the sale or transfer of the interest in Brooklands was

between $0 to $4,000,000.00 the Trustee would only be entitled to minimum remaining payments under the terms of the Stipulation to Compromise Controversy.

WHEREAS, Brooklands has informed the Trustee that it is having financial difficulties especially in the area of obtaining necessary working capital. Further, Brooklands has informed the Trustee that Brooklands intends to transfer substantially all of its assets or equity to another entity and that the value that it will be receiving for its assets and/or equity is less than $4,000.000. Therefore, the Trustee would only be entitled to receive the remaining amounts under the guaranteed amounts provided in the Stipulation to Compromise Controversy.

WHEREAS, Brooklands has agreed to pay and the Trustee has agreed to accept the sum of $375,000.00 to settle the obligations for payments that Brooklands has to the Trustee. The payment of the $375,000 for the settlement of Brooklands' obligations to the Trustee is contingent upon the closing of the sale of its assets.

## PAYMENT, RELEASES AND CLAIM PROVISIONS

NOW, THEREFORE, in light of the foregoing, and in consideration of the mutual promises and covenants of the parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. The above recitals are true and correct.

2. Brooklands shall pay to the Trustee: 1) $300,000.00 no later than 10 business days after closing of the sale of its assets; 2) $25,000.00 on or before November 30, 2013; 3) $25,000.00 on or before February 28, 2014; and 4) $25,000.00 on or before May 31, 2014. The payment of these amounts in full will constitute a full and complete satisfaction of Brookland's payment obligations to the estate under the terms of the Stipulation to Compromise Controversy. Until the closing, Brooklands shall continue to make payments and provide reporting as required

by the Stipulation to Compromise Controversy. If there is no closing, then this Agreement is null and void. If the closing is for more than $4,000,000.00 then the Stipulation to Compromise Controversy shall control the amounts that the trustee shall receive. Brooklands shall provide to the trustee a fully executed settlement statement within 5 business days of the closing.

3. The obligations under Paragraphs 6 and 7 of the Stipulation to Compromise Controversy for Brooklands to assume $1,744,091.52[1] of debt and for certain claims to be withdrawn shall remain in full force and effect and are not being settled or compromised in this Stipulation to Compromise Controversy.

4. The Payments shall be made payable to *Marc P. Barmat, Trustee* and delivered to Furr & Cohen, P.A., 2255 Glades Road, Suite 337W, Boca Raton, FL 33431.

5. Default. In the event that Brooklands defaults hereunder and fails to cure said default as set forth below, the Trustee shall be entitled to an award of reasonable attorney's fees and costs relative to the enforcement of the terms of this Stipulation. An event of default shall occur if Brooklands fails to timely make payment to the Trustee as set forth above, in which case, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to Brooklands by first-class postage-paid U.S. mail as well as by e-mail (all of which the Parties agree to be acceptable methods of properly giving notice under this Agreement). The Written Notice shall provide 30 business days from the date of such notice to cure the default. Should Brooklands fail to cure the default within the period referenced above, then, upon the Trustee's filing of a Motion to Request a Final Judgment, the Trustee, after notice and hearing,

---

[1] The Stipulation to Compromise Controversy references a Schedule B which was filed on April 30, 2013 which reflects an amount of $1,785,745.32 of debts to be assumed by Brooklands. ECF # 121. Brooklands asserts that the Schedule B was in error because it contains a debt owed to John Madril in the amount of $ 41,653.33 and is in conflict with the total amount of debts of $1,744,091.52 to be assumed by Brooklands stated in the Stipulation and Order approving the Stipulation entered on May 20, 2013. This Stipulation to Compromise Controversy is not intended to resolve the issue of whether John Madril was appropriately included in the Schedule B of debts to be assumed by Brooklands. Brooklands will file a separate motion with the Court to address this issue. Neither the Trustee nor Brooklands intends for the Stipulation to be construed as a waiver of Brookland's right to seek this Court's determination on the issue arising from Schedule B.

4

shall be entitled to the entry of a Final Judgment against Brooklands in the amount of the $4,000,000.00, plus the reasonable fees and costs incurred with enforcing this Stipulation, minus any amounts paid in accordance with this Stipulation. The only defense to the entry of a Final Judgment shall be payment of the Initial Settlement Payment and Royalty Payments. All other defenses shall be deemed waived.

6. In the event of a default, any claim of any of the Brooklands Investors on any Brooklands assets shall be subordinate to the Trustee's claim.

7. Brooklands and the Brooklands Parties waive any claims against the estate of the Debtor under 11 U.S.C. § 502(h).

8. The parties are aware that this Stipulation must be noticed to all creditors and must be approved by the Court. In the event that it is not approved, this Stipulation shall be deemed null and void. The parties shall request that the Court enter an Order approving this Stipulation, and to reserve jurisdiction to enforce the terms and covenants contained herein.

9. This Agreement may be assigned to a third party at the sole discretion of the Trustee and with approval by the Bankruptcy Court. In the event that the Trustee has an offer from a third party for the assignment of this Stipulation in exchange for a lump sum payment, then Brooklands shall be first offered the right to pay a lump sum payment to satisfy its obligations under the terms of this Stipulation. The Brooklands parties may not assign any of its obligations under the terms of this Stipulation without written permission of the Trustee.

10. The parties to this Stipulation agree to execute and deliver, or shall cause to be executed and delivered, such documents and other papers and shall take, or shall cause to be taken, such further actions as may be reasonably required to carry out the provisions of, and give effect to, the transactions contemplated by, this Stipulation.

**NO OTHER AGREEMENTS; MODIFICATION**

11. This Stipulation contains the entire understanding and agreement of the parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this agreement. This Stipulation may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the parties to this agreement, with the same formality as this agreement, and by no other means. Each party waives any right to claim that this Stipulation was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

## APPLICABLE LAW

12. All matters affecting the execution, interpretation, validity, and enforceability of this Stipulation shall be subject to, and interpreted under, federal bankruptcy law, as well as the laws of the State of Florida to whatever extent bankruptcy law relies upon state law.

## NO PRESUMPTIONS ARISING FROM DRAFTING

13. The fact that any draft of this Stipulation was prepared by counsel for one of the parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against that party. The parties acknowledge that each has contributed toward the drafting of this Stipulation, and that this Stipulation is the result of negotiations between the parties.

## WAIVERS

14. The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach

of any term, provision, or condition hereof.

## ADDITIONAL ACKNOWLEDGMENTS AND UNDERSTANDINGS

15. The parties acknowledge that each fully understands all of the terms and obligations of this Stipulation, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

16. The parties enter into this Stipulation freely and voluntarily. Neither party has been the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

17. All parties to this Stipulation acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Stipulation, and they are also aware of what their rights would be in the absence of this Stipulation.

18. This Stipulation shall be binding upon the parties hereto and shall also be binding upon and enure to the benefit of the heirs and successors of the respective parties.

19. This Stipulation may be executed in two or more counterparts, including facsimile or email counterparts, none of which need contain signatures of all of the parties hereto, each of which will constitute an original, and all of which, taken together, shall constitute one and the same agreement.

20. The date of this Stipulation is the date on which the last of the parties executes a copy of it.

## CAPTIONS

21. The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text of this agreement, or intended to be

referred to in construing any provision of it.

## NOTICES

22. Any notices required by this Stipulation must be given either in writing by U.S. Mail, certified/return receipt requested, express mail service, or facsimile to the parties as follows:

To the Trustee:

Marc P. Barmat, Esq.
Furr & Cohen, P.A.
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7535
mbarmat@furrcohen.com


To Brooklands:
Charlene L. Wilkinson, Esq.
335 East Linton Blvd, Suite B-14
P.O. Box 83-2104
Delray Beach, Florida 33483
Telephone: (561) 276-0047
clw424@att.net

and

Jeffrey H. Tromberg, Esq.
Florida Debt Relief Center, LLC
P.O.Box 970124
Boca Raton, Florida 33497
Telephone: (561) 337-9905
Facsimile: (561) 337-8500
Jeff@itsjustdebt.com

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this settlement agreement on the date specified below.

**ATTORNEY FOR MARC P. BARMAT, TRUSTEE**

_____
ALAN R. CRANE, ESQ.
Florida Bar No.: 963836

8

2255 Glades Road, Suite 337W
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
acrane@furrcohen.com
*Attorney for the Trustee, Marc P. Barmat*

Dated: 8/13/13

**MARC P. BARMAT, TRUSTEE**

_____, Trustee
MARC P. BARMAT, TRUSTEE
*Debtor*

Dated: 8/13/13

**ATTORNEY FOR BROOKLANDS**

_____
Jeffrey H. Tromberg, Esq.
Florida Bar No. 882542
Florida Debt Relief Center, LLC
P.O. Box 970124
Boca Raton, Florida 33497
Telephone: (561) 337-9905
Facsimile: (561) 337-8500
Jeff@itsjustdebt.com
*Attorney for Brooklands Incorporated*

Dated: 8/13/13

**BROOKLANDS INCORPORATED**

_____
ROBERT FABER, President / CEO

Dated: 13 Aug 2013

9

```
Label Matrix for local noticing          American Scientific Resources, Incorporated    Brookland, Inc.
113C-0                                   1112 Weston Road                               Attn Robert Faber
Case 12-14640-JKO                        Unit 278                                       990 S Rogers Cir #2
Southern District of Florida             Attn: Robert T. Faber, Pres.                   Boca Raton, FL 33487-2836
Fort Lauderdale                          Weston, FL 33326-1915
Tue Aug 13 15:39:32 EDT 2013

Brooklands, Inc.                         Tecnimed SRL                                   5 L's
990 S Rogers Cir #2                      c/o Akerman Senterfitt                         6 Layer Dr
Boca Raton, FL 33487-2836                350 East Las Olas Blvd.                        Morris Plains, NJ 07950-2538
                                         Suite 1600
                                         Fort Lauderdale, FL 33301-4247

AT&T                                     Action Stock Transfer Corp                     Andrew Goldin
1956 NE 5 Ave                            2469 E Fort Union Blvd #214                    c/o Lori V. Vaughan
Boca Raton, FL 33431-7772                Salt Lake City, UT 84121-3374                  Trenam Kemker
                                                                                        P.O. Box 1102
                                                                                        Tampa, FL 33601-1102

Barton Consulting LLC                    Bennett, Don                                   Boris & Svetlana Reznick
401 E Las Olas Blvd #130                 POB 922                                        64-10 Cromwell Crescent
Fort Lauderdale, FL 33301-2477           Jordan, NY 13080-0922                          Rego Park, NY 11374-5021

Brandon, Jim                             Brenner & Elsea-Mandojana LLC                  Broadridge
424 E Maitland Rd                        POB 6161                                       POB 23487
New Castle, PA 16105-1418                Kingwood, TX 77325-6161                        Newark, NJ 07189-0487

Business Wire                            CBIZ Goldstein Lewin                           CHS Business Assoc LLC
2038 Corte Del Nogal                     1675 N Military Trl 5th FL                     33650 Reserve Way
Carlsbad, CA 92011-1478                  Boca Raton, FL 33486-4321                      Avon, OH 44011-3223

Charles T. Lanktree                      Concorde Capital Limited                       Daniel J. Schreiber
c/o Lori V. Vaughan                      Howard J Taylor                                c/o Avior Capital, LLC
Trenam Kemker                            48 Par La Ville Road Suite194                  4660 La Jolla Village Drive
P.O. Box 1102                            Hamilton HM11 Bermuda                          Suite 500
Tampa, FL 33601-1102                                                                    San Diego, CA 92122-4605

Daniel Levy                              David Sherer                                   Donald Bennett
10105 Avenida Del Rio                    7303 brennon lane                              5953 Amberwood Drive
Delray Beach, FL 33446-2423              chevy chase, MD 20815-4063                     Naples, FL 34110-3315

Donald Weidenfeld                        (p)US BANK                                     FN Implementation & Fin Partners
6011 Via Venetia North                   PO BOX 5229                                    80 Mtn Laurel Rd
Delray Beach, FL 33484-6404              CINCINNATI OH 45201-5229                       Fairfield, CT 06824-2423

FPL                                      Faber, Robert                                  Federal Express
POB 025576                               6503 N Military Tr #4601                       POB 660481
Miami, FL 33102-5576                     Boca Raton, FL 33496-2622                      Dallas, TX 75266-0481
```

Gibraltar Pvt Bank & Trust
POB 790408
Saint Louis, MO 63179-0408

Global Experience Specialists
4805 Sand Lake Rd
Orlando, FL 32819-9546

Goldin, Alex & Mira
86 Wheatley Rd
Old Westbury, NY 11568-1212

Goldin, Andrew
86 Wheatley Rd
Old Westbury, NY 11568-1212

Gols Associated
86 Wheatley Rd
Old Westbury, NY 11568-1212

Granite Financial Group LLC
c/o Daniel Schreiber, Avior Capital
4660 La Jolla Village Drive
Suite 500
San Diego, CA 92122-4605

Granite Financial Group, LLC
447 Palmitas St #100
Solana Beach, CA 92075-2045

Greenwood Group
4455 Genesee St
Cheektowaga, NY 14225-1955

Hal B. Howard
c/o Henry Howard
151 Grace Trail
Palm Beach, FL 33480-3974

Harold Wrobel
c/o Lipscomb, Eisenberg & Baker, PL
2 South Biscayne Boulevard
Ste 3800
Miami, FL 33131-1809

Investments Limited
215 N Federal Hwy #1
Boca Raton, FL 33432-3992

Jason M Roth
16250 Rosecroft Terrace
Delray Beach, FL 33446-9589

John Madril
2421 San Domingo St
Miami, FL 33134-5532

John Madril
c/o D. Brett Marks, Esq.
Akerman Senterfitt
350 E. Las Olas Blvd - Suite 1600
Fort Lauderdale, FL 33301-4247

Justin Di Rezze
885 Lake Shore Rd.
Grosse Pointe Shores, MI 48236-1272

Langtree Consulting Corp
6 Layer Dr
Morris Plains, NJ 07950-2538

Leonard C Ludwig
130 Carnoustie Drive
Trophy Club, TX 76262-5464

Leonard C. Ludwig
c/o Lori V. Vaughan
Trenam Kemker
P.O. Box 1102
Tampa, FL 33601-1102

Levy, Daniel
10105 Avenida Del Rio
Delray Beach, FL 33446-2423

Longside Ventures
1800 S Ocean Dr. PH 2
Hallandale, FL 33009-7734

Lucosky Brookman LLP
33 Wood Ave S, 6th Fl
Iselin, NJ 08830-2735

Ludwig, Leonard
130 Carnoustie Dr
Trophy Club, TX 76262-5464

Madril, John
2421 San Domingo St
Miami, FL 33134-5532

Magna Group, LLC
5 Hanover Square
New York, NY 10004-4050

Mammoth Corporation
1 First Bank Plaza, #205
Lake Zurich, IL 60047-3108

Mammoth West Corporation d/b/a Mammoth Corpo
One First Bank Plaza
Suite 205
Lake Zurich, IL 60047-3108

Marc Massoglia
276 Clearwater Drive
Ponte Vedra Beach, FL 32082-4167

Marital Trust u/w James T. Pyle
c/o Diana P. Rowan
1140 Fifth Avenue
New York, NY 10128-0806

Mark R. Behr
7812 Albrecht Circle
Louisville, KY 40241-5506

Martin E Janis & Co
401 N Michigan Ave
Chicago, IL 60611-5592

| | | |
|---|---|---|
| Martin E Janis & Company, Inc.<br>444 North Michigan Avenue<br>Suite 1200<br>Chicago, IL 60611-3959 | Massoglia, Marc<br>3304 Sawgrass Village Cir<br>Ponte Vedra Beach, FL 32082-5035 | Materna, Dr. Thomas<br>87 Lorraine Ave<br>Montclair, NJ 07043-2304 |
| Michael George Pension Plan<br>136 E 64 St<br>New York, NY 10065-7360 | Miller, Mark<br>4095 KOzy Korner Rd<br>Center Valley, PA 18034-9778 | Morrissey, Patrick W<br>34520 Appleview Way<br>Solon, OH 44139-4940 |
| Nail Media Group<br>230 W 41 St #1300<br>New York, NY 10036-7207 | Nicholas Quear<br>3105 Estates Cir<br>Youngstown OH 44511-2140 | Nixon Peabody LLP<br>Attn: Richard C. Pedone, Esq.<br>100 Summer Street<br>Boston, MA 02110-2131 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Omrani & Taub<br>535 Fifth Ave<br>New York, NY 10017-3678 | PR Newswire<br>GPO Box 5897<br>New York, NY 10087-5897 |
| Parvine Sadeghi<br>1627 Brickell Avenue &#035;2105<br>Miami, FL 33129-1223 | Peter F Lordi Jr.<br>894 Misty Oak Dr<br>Orange Park FL 32065-5546 | Premium Assignment<br>1701 E 7 Ave<br>Tampa, FL 33605-3805 |
| Premium Assignment National Svc Ctr<br>3522 Thomasville Rd #400<br>Tallahassee, FL 32309-3488 | Quear, Nick<br>3015 Estates Cir<br>Youngstown, OH 44511 | R3 Accounting LLC<br>2929 E Commercial Blvd<br>Fort Lauderdale, FL 33308-4214 |
| Reznick Law, PLLC<br>535 Fifth Ave, 23 Fl<br>New York, NY 10017-3678 | Reznik, Felix<br>235 E 40 St<br>New York, NY 10016-1744 | Robert T. Faber<br>6503 N. Military Trail<br>Apt. 4601<br>Boca Raton, FL 33496-2622 |
| Rosenberg Rich & Co<br>380 Foothill Rd POB 6483<br>Bridgewater, NJ 08807-0483 | Roth, Jason<br>16250 Rosecroft Ter<br>Delray Beach, FL 33446-9589 | Sadeghi, Howard & Parvine<br>3100 SW 62 Ave<br>Miami, FL 33155-3009 |
| Schaffner Family Foundation<br>Milbank Tweed Hadley & McCoy<br>252 7 Ave #17M<br>New York, NY 10001-7351 | Sichen a Ross Friedman LLP<br>61 Broadway, 32 FL<br>New York, NY 10006 | Southridge Partners II, LP<br>c/o Henry Sargent<br>850 Third Avenue<br>New York, NY 10022-6222 |
| Southridge Partners, II LP<br>90 Grove St<br>Ridgefield, CT 06877-4114 | Sullivan Hill Lewin Rez & Engel<br>550 W C Street, 15 FL<br>San Diego, CA 92101-3570 | Taconic<br>1800 S Ocean Dr. PH 2<br>Hallandale, FL 33009-7734 |

| | | |
|---|---|---|
| Technimed<br>12 Piazzale Estero Cocchi<br>Vedano Olona, VA 21040<br>Rome, Italy 0332402350 | The Hartford<br>c/o Fabricant & Fabricant<br>Attn.: Bernie Schwartz<br>1251 Old Northern Blvd<br>Roslyn, NY 11576-1624 | Tirotta, Chris<br>3168 Inverness<br>Weston, FL 33332-1816 |
| Tirotta, Conni<br>3168 Inverness<br>Weston, FL 33332-1816 | Tirotta, Robert<br>1275 Shiloh Road<br>Suite 2520<br>Kennessaw, GA 30144-7182 | Toshiba Financial Svcs<br>POB 790448<br>Saint Louis, MO 63179-0448 |
| US Bank NA dba US Bank Equipment Finance<br>1310 Mardrid Street<br>Marshall, MN 56258-4099 | Ullman Shapiro Ullman, LLP<br>299 Broadway #1700<br>New York, NY 10007-1914 | United Parcel Service<br>c/o Receivable Management Services<br>P.O. Box 4396<br>Timonium, MD 21094-4396 |
| United Parcel Service (Freight)<br>c/o Receivable Management Services<br>P.O. Box 4396<br>Timonium, MD 21094-4396 | Vintage Filings<br>150 W 46 St , 6th FL<br>New York, NY 10036-8511 | Vintage Filings<br>350 Hudson St<br>New York, NY 10014-5827 |
| Walgreen Co<br>MS 2233<br>200 Wilmot Rd<br>Deerfield, IL 60015-4681 | Weidenfeld, D<br>2255 Glades Rd #120A<br>Boca Raton, FL 33431-7360 | Wrobel, Harold<br>c/o Steven Eisenberg, Esq.<br>One Biscayne Tower<br>2 S Biscayne Blvd, PH 3800<br>Miami, FL 33131-1809 |
| Yeskoo Hogan & Tamlyn LLP<br>535 5th Ave, #23<br>New York, NY 10017-3678 | Yeskoo Hogan & Tamlyn, LLP<br>139 South Street<br>New Providence, NJ 07974-1999 | Alan R. Barbee<br>525 Okeechobee Blvd. #750<br>West Palm Beach, FL 33401-6329 |
| Andrew Goldin<br>100 United Nations Plaza #27C<br>New York, NY 10017-1753 | Charles T. Lanktree<br>2 Ridgedale Avenue<br>Cedar Knolls, NJ 07927-1108 | David R Rothenstein<br>501 Brickell Key Dr #300<br>Miami, FL 33131-2624 |
| Harold Wrobel<br>Lipscomb, Eisenberg & Baker, PL<br>2 South Biscayne Blvd.<br>Ste 3800<br>MIami, FL 33131-1809 | Howard Taylor<br>1112 Weston Rd #278<br>Weston, FL 33326-1915 | Marc P Barmat<br>2255 Glades Rd #337W<br>Boca Raton, FL 33431-7379 |
| Robert Faber<br>990 S Rogers Circle #2<br>Boca Raton, FL 33487-2836 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

ELAN FINANCIAL SERVICES
AS SERVICER FOR GIBRALTAR PRIVATE BANK &
P.O. BOX 5229
CINCINNATI, OH 45201-5229

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Leonard C. Ludwig
130 Carnoustie Drive
Trophy Club, TX 76262-5464

End of Label Matrix
Mailable recipients   114
Bypassed recipients     1
Total                 115